J-S67040-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MARION BROWN, JR. | |
| Appellant | No. 104 EDA 2016 |

Appeal from the Judgment of Sentence December 2, 2015
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0003049-2015
CP-09-CR-0003054-2015
CP-09-CR-0003322-2015

BEFORE:  FORD ELLIOTT, P.J.E., RANSOM, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:　　　　**FILED SEPTEMBER 29, 2016**

Appellant Marion Brown appeals from the judgments of sentence entered by the Court of Common Pleas of Bucks County after the Honorable Diane E. Gibbons convicted him of three counts of felony retail theft, two counts of criminal conspiracy to commit retail theft, one count of simple assault, and one count of disorderly conduct.[1]  On appeal, Appellant claims the trial court erred in consolidating his three retail theft cases for trial. After careful review, we affirm.

---

[1]  18 Pa.C.S. §§ 3929(a)(1), 903(c), 2701(a)(1), and 5503(a)(1), respectively.

*Former Justice specially assigned to the Superior Court.

The trial court aptly summarized the factual background of the three cases as follows:

**Information Number 3322/2015 [Rockhill Drive Home Depot]**

On Saturday, November 8, 2014, at approximately 8:15 p.m., [Appellant] and his co-conspirators, Antonio Ray Hunt, Leroy Jameel Brown, and Derrick Timothy Vann, Jr., went to a Home Depot located in Bensalem, Bucks County, ("Rockhill Drive Home Depot"); all four males were wearing backpacks when they arrived. The group then filled shopping carts with merchandise, proceeded to the back of the store, transferred merchandise from the shopping carts to their backpacks, and then ran out of the store, passing all points of sale without payment. Three saw blades worth $199.00 each, four saw blades worth $165.00 each, a door lock worth $119.00, two keypad levers worth $119.00 each, two door lock touchscreens worth $199.00 each and a door lock keypad worth $109.00 were removed from the store. The total value of the merchandise was $2,419.00.

**Information Number 3054/2015 [Bristol Pike Home Depot]**

On that same date, at approximately 8:55 p.m., four men were observed stealing similar high end merchandise at the Home Depot located at 1336 Bristol Pike, Bensalem, Bucks County ("Bristol Pike Home Depot"). All four males were wearing backpacks; they took shopping carts and began selecting high-end merchandise. The men then took the shopping carts to the back of the store and transferred merchandise from the shopping cart to their backpacks. They then passed all points of sale without payment and were stopped just outside the store in the parking lot. After being stopped, one of those men, later identified as [Appellant], assaulted loss prevention officer Kevin Dupell and fled the area. The other three participants, Antonio Ray Hunt, Leroy Jameel Brown, and Derrick Timothy Vann, Jr. were apprehended at or near the scene. The merchandise removed from the store was valued at $1,568.92.

**Information Number 3049/2015 [Bristol Pike Home Depot]**

On Saturday, April 11, 2015, another retail theft occurred at the Bristol Pike Home Depot, the site of the second retail theft in November of 2014. During this retail theft, an individual, later identified as [Appellant], selected numerous drills, compact drivers, and touchscreen thermostats, placed them into a cart, and ran out of the store with the stolen merchandise without paying for the items. The total value of the property taken was $1,314.96. After he left the store with the merchandise, [Appellant] was stopped by loss prevention officer Kevin Dupell, the same loss prevention officer whom [Appellant] had assaulted during the November retail theft at the Bristol Pike Home Depot. [Appellant] fled the scene before police arrived. Mr. Dupell identified [Appellant] as the individual who had assaulted him and fled the scene following the retail theft at the Bristol Pike Home Depot in November 2014 and as the individual who committed the retail theft at the Bristol Pike Home Depot in April of 2015. Based on surveillance footage, he also identified [Appellant] as one of the individuals involved in the retail theft that occurred at the Rockhill Drive Home Depot.

Trial Court Opinion, 4/20/16, at 2-3 (footnotes omitted).

After Appellant was charged with the aforementioned offenses, the trial court consolidated all three informations for trial. Appellant waived his right to a jury trial and stipulated to the prosecution's evidence. On December 2, 2015, the trial court convicted Appellant of all the charges and sentenced him to an aggregate term of 3½ to 7 years imprisonment. On December 30, 2015, Appellant filed a notice of appeal.

Appellant's sole claim on appeal is that the trial court erred in consolidating his three cases for trial. We review a trial court's decision to consolidate offenses for trial under an abuse of discretion standard. *Commonwealth v. Thomas*, 879 A.2d 246, 260 (Pa.Super. 2005). This

Court has summarized the principles guiding a trial court's decision to consolidate criminal informations as follows:

> Offenses charged in separate informations may be tried together if they are "based on the same act or transaction" or if "the evidence of each of the offenses would be admissible in a separate trial for the other and is capable of separation by the jury so that there is no danger of confusion." Pa.R.Crim.P[]. 582(A)(1). The court has discretion to order separate trials if "it appears that any party may be prejudiced" by consolidating the charges. Pa.R.Crim.P[]. 583.
>
> Our Supreme Court has established a three[-]part test, incorporating these two rules, for deciding the issue of joinder versus severance of offenses from different informations. The court must determine
>
> > whether the evidence of each of the offenses would be admissible in a separate trial for the other; whether such evidence is capable of separation by the jury so as to avoid danger of confusion; and, if the answers to these inquiries are in the affirmative, whether the defendant will be unduly prejudiced by the consolidation of offenses.
>
> *Commonwealth v. Lark*, 518 Pa. 290, 302, 543 A.2d 491, 497 (1988)[.]

*Thomas*, 879 A.2d at 260. While evidence of a defendant's criminal behavior is not admissible to show a defendant's propensity to commit crimes, such evidence may be admitted for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident so long as the probative value of the evidence outweighs its prejudicial effect. Pa.R.E. 404(b).

Our review of the record supports the trial court's conclusion that consolidation of Appellant's three criminal informations was appropriate

- 4 -

under the circumstances. Here, there is overwhelming evidence that Appellant and his three co-conspirators agreed to work together to commit the first two instances of retail theft at two Home Depot stores in Bucks County on the evening of November 8, 2014. As part of an ongoing conspiracy, the men committed retail theft in at two different locations of the same home improvement superstore on the same evening within a forty minute timespan. The four men executed the same plan in each incident, entering each store together wearing backpacks, choosing expensive merchandise off the store shelves to place in their shopping carts, taking the items to the back of the store, hiding the items in their backpacks, and fleeing the store together.

We agree with the trial court that evidence of each retail theft would be admissible in a separate trial for the others to prove Appellant's identity as the perpetrator based on the similarity of the crimes committed and the circumstances under which Appellant was identified in each retail theft. Appellant committed the third retail theft just five months after the first two instances of retail theft, executing each crime in a similar fashion. On the third instance of theft, Appellant returned to the Bristol Pike Home Depot, where he had committed his second retail theft. Security Officer Kevin Dupell personally witnessed Appellant's involvement in the second and third thefts at the Bristol Pike Home Depot, was assaulted by Appellant during the second theft, and identified Appellant from the video surveillance footage from the first theft at the Rockhill Drive Home Depot.

Moreover, Appellant cannot establish that he was prejudiced by the trial court's consolidation of the charges. To demonstrate prejudice, Appellant was required to show that he was convicted because the jury believed he had a propensity to commit crimes, or because the jury was incapable of separating the evidence or could not avoid cumulating the evidence. ***Thomas***, ***supra***. Here, Appellant waived his right to a jury trial and was convicted following a bench trial before Judge Gibbons. We can presume the trial court was capable of separating the evidence when considering each criminal charge. ***See Commonwealth v. O'Brien***, 836 A.2d 966, 972 (Pa.Super. 2003) (explaining that a trial held before a judge rather than a jury "minimizes if not eliminates the potential for prejudice").

Accordingly, we conclude that the trial court properly exercised its discretion in consolidating Appellant's retail cases for trial.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/29/2016

- 6 -