J-S35026-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOSEPH ALLEN MILLER | : | |
| | : | |
| Appellant | : | No. 1304 MDA 2021 |

Appeal from the PCRA Order Entered September 13, 2021
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0002503-2017

BEFORE: BENDER, P.J.E., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY McLAUGHLIN, J.:　　　　　**FILED JANUARY 25, 2023**

Joseph Allen Miller appeals from the order denying his Post Conviction Relief Act ("PCRA") petition.[1] Miller makes several claims that PCRA counsel provided ineffective assistance. We remand all but one for an evidentiary hearing.

A jury convicted Miller of involuntary deviate sexual intercourse, criminal attempt to commit aggravated indecent assault, indecent assault, two counts of unlawful contact with a minor, dissemination of sexually explicit materials to a minor, and corruption of minors.[2] Miller was represented at trial by Christopher Sarno, Esquire ("trial counsel").

---

[*] Former Justice specially assigned to the Superior Court.

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

[2] **See** 18 Pa.C.S.A. §§ 3123(a)(7), 901, 3126(a)(8), 6318, 5903(c)(1) and 6301, respectively.

A different attorney represented Miller at sentencing: Kristen Weisenberger, Esquire. The trial court sentenced Miller on September 2, 2020, to an aggregate of 10 to 20 years' incarceration and four years' consecutive probation. Miller filed a post-sentence motion, which the court denied. Miller did not file a direct appeal.

Miller, through Attorney Weisenberger (hereinafter "PCRA counsel"), filed a timely PCRA petition on March 30, 2021, raising four claims that trial counsel was ineffective: (1) trial counsel failed to adequately prepare for trial, (2) trial counsel interfered with Miller's right to testify, (3) trial counsel failed to file a motion *in limine* to exclude Miller's prior criminal history, and (4) trial counsel failed to call any fact or character witnesses. *See* PCRA Pet., 3/30/21, at ¶¶ 11-56. Miller thereafter submitted the affidavits of two potential character witnesses who stated they would testify to Miller's character.

The PCRA court held a hearing, at which Miller and trial counsel testified. The court thereafter denied the petition.

On the first two issues (trial counsel's failure to prepare and his interference with Miller's right to testify), the court credited trial counsel's testimony that he had discussed the case with Miller prior to trial, had recommended that Miller testify, and that Miller had refused to review the discovery or agree to testify. The court also pointed out that Miller testified at the PCRA hearing that he had met with trial counsel prior to trial and had never requested in-person meetings or the opportunity to review the discovery.

The court found the third issue (failure to file a motion *in limine* to exclude Miller's criminal history) lacking in merit because it credited trial counsel's testimony that Miller had refused to testify, making a motion moot. The court also credited trial counsel's testimony that he strategically decided not to file a motion so that, if the Commonwealth attempted to introduce evidence of the criminal history, he could argue the Commonwealth failed to give sufficient notice under Pa.R.E. 609(b)(2).

On the fourth issue (failure to present character witnesses), the court found Miller had failed to prove ineffectiveness because he had not produced any witnesses at the PCRA hearing, other than himself, and therefore failed to prove any witnesses would have testified for the defense. The court also credited trial counsel's testimony that he spoke to Miller's sister, who had refused to testify.

Miller obtained new counsel, Spencer H.C. Bradley, Esquire, who filed a notice of appeal. The court ordered Miller to file a Rule 1925(b) statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(b). Through Attorney Bradley, Miller filed a Rule 1925(b) statement raising the following issues:

> 1. Whether PCRA counsel was ineffective in representation when PCRA counsel failed to include email evidence to show that trial counsel was ineffective.
>
> 2. Whether [the trial court] erred in finding that trial counsel was effective in representation thus denying Mr. Miller's PCRA petition.

Pa.R.A.P. 1925(b) Statement, 12/2/21, at 1.

The court issued a responsive "Memorandum Statement in Lieu of Opinion," acknowledging that Miller was raising his claim of PCRA counsel ineffectiveness for the first time on appeal, which was the earliest possible opportunity he could do so. Pa.R.A.P. 1925(a) Memorandum, 12/6/21, at 2. The court stated that it is "in no position to address this claim as no facts or testimony have been presented to the Court other than the bare assertion contained in the 1925(b) Statement," and that, "[p]resuming the Superior Court will also be unable to properly adjudicate the merits of this claim, we trust that Court will decide whether remand is appropriate to conduct a hearing and take testimony." *Id.*

In this Court, Attorney Bradley filed a motion to withdraw as counsel, stating his intention to withdraw pursuant to **Anders v. California**, 386 U.S. 738 (1967).[3] New counsel subsequently entered their appearance: Benjamin Levine, Esquire, and J. Andrew Salemme, Esquire. We dismissed the application to withdraw as moot. Attorneys Levine and Salemme have filed an advocates' brief, raising the following issues:

> A. Whether PCRA counsel was ineffective in failing to raise trial counsel's ineffectiveness for neglecting to raise a **Brady**[4] claim where law enforcement failed to turn over text messages between

---

[3] **But see Commonwealth v. Kennedy**, 266 A.3d 1128, 1130 n. 4 (Pa.Super. 2021) (noting that an **Anders** brief is not the proper device for withdrawal from representation in a PCRA appeal; counsel should file a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

[4] **Brady v. Maryland**, 373 U.S. 83 (1963).

K.M. and Miller from May 2016 through end of July 2016, which were potential impeachment evidence?

B. Whether PCRA counsel was ineffective in declining to raise trial counsel's ineffectiveness for failing to allege a discovery violation on the part of the Commonwealth for failing to turn over text messages between K.M. and Miller from May 2016 through July 2016 and not seeking a spoilation [sic] instruction?

C. Whether PCRA counsel was ineffective in failing to raise trial counsel's ineffectiveness for inadequately cross-examining law enforcement concerning a police report (or failing to call the author) that reflected that they reviewed text messages between Miller and K.M. from May 2016 through July 2016, but failed to turn over those messages?

D. Whether PCRA counsel was ineffective in failing to use e-mail communications and phone records and call Miller's sister to impeach the testimony of trial counsel who erroneously claimed that Miller did not want to testify or personally meet with trial counsel to prepare for trial and testimony?

E. Whether PCRA counsel was ineffective in failing to present character witnesses at Miller's PCRA hearing to establish trial counsel's ineffectiveness in declining to present character evidence that Miller had a reputation in the community of chaste behavior with teenage females?

F. Whether PCRA counsel was ineffective in failing to object to the prosecutor's improper questioning of Miller as to whether trial counsel was lying about Miller's desire to testify?

Miller's Br. at 9-10 (answers below omitted).[5]

---

[5] Miller does not allege that his interim counsel, Attorney Bradley, was ineffective for failing to preserve the issues relating to PCRA counsel's ineffectiveness more specifically in Miller's Rule 1925(b) statement. However, neither the PCRA court nor the Commonwealth argue that the issue of PCRA counsel's ineffectiveness was waived for lack of specificity in the Rule 1925(b) statement. Moreover, as Attorney Bradley intended to withdraw pursuant to **Anders**, he should have filed a statement pursuant to Rule 1925(c)(4), which does not waive any issues but allows this Court to remand for new counsel to pursue any issues this Court deems arguably meritorious. We therefore find
*(Footnote Continued Next Page)*

Miller's issues on appeal all claim PCRA counsel was ineffective. He first argues that PCRA counsel was ineffective because she failed to argue that Miller's trial counsel was ineffective for failing to raise a **Brady** claim. Miller argues the Commonwealth violated **Brady**[6] by failing "to turn over two months of text messages." Miller's Br. at 18. Miller posits that according to a January 2017 police report, the police reviewed text messages between Miller and the victim dating back to May 2016, but the prosecution only provided text messages that began in July 2016. According to Miller, the victim testified at trial that she had deleted the messages, contradicting the police report. He argues that the missing messages could have been used to impeach the victim, who had testified that Miller had engaged in sexual conversations at the initiation of their correspondence and without her participation. Miller claims the evidence was material "as almost the entire prosecution case hinged on introduction of text message exchanges between Miller and K.M." **Id.** at 22. Miller argues that he raised the issue to PCRA counsel, who had no reasonable basis for failing to pursue it, and that issues of material fact exist which require remand: "the impeachment value of the non-disclosed text messages, why those texts were not disclosed, and what basis prior counsel

_____

waiver under Rule 1925(b)(4)(vii) is not implicated under the facts of this case.

[6] Evidence is **Brady** material where it is "favorable to the accused, either because it is exculpatory or because it impeaches; (2) the prosecution has suppressed the evidence, either willfully or inadvertently; and (3) the evidence was material, meaning that prejudice must have ensued." **Commonwealth v. Bagnall**, 235 A.3d 1075, 1084 n.10 (Pa. 2020).

had for not pursuing recovery of those texts and asserting a **Brady** claim." **Id.** at 23.

Second, Miller argues that even if the missing text messages do not qualify as a **Brady** violation, trial counsel was ineffective for failing to pursue a discovery violation based on the missing messages and a spoliation jury instruction regarding the missing messages. **Id.** at 24. He claims this caused him prejudice because "trial counsel marshalled no real defense and an instruction that the Commonwealth's failure to provide two months of text messages between [the victim] and Miller could be considered as presumptive evidence in favor of Miller would have been invaluable." **Id.** at 26. Miller argues PCRA counsel was likewise ineffective for failing to raise trial counsel's ineffectiveness on this basis, and that this failure was without reasonable basis and caused him prejudice.

Miller's third issue also relates to the missing text messages. Miller contends that trial counsel was ineffective for failing to adequately cross-examine the lead detective regarding the police report that stated police had reviewed the text messages between Miller and the victim between May and July 2016. Miller argues the cross-examination would have revealed whether the police report was incorrect, police withheld the evidence, or the victim was lying about having deleted the messages. Miller argues that neither trial nor PCRA counsel could have a reasonable basis for failing to pursue this claim, and that he suffered prejudice, as the victim's credibility was the lynchpin at trial. Miller argues that remand for an evidentiary hearing is warranted, as

there is a factual dispute between the contents of the police report and the victim's testimony and a need to inquire into counsel's reasons for inaction.

Miller next argues that PCRA counsel was ineffective in her presentation of his claim that trial counsel was ineffective in failing to prepare for trial and in advising Miller whether he should testify. Miller claims that trial counsel lied at the PCRA hearing when he testified that Miller had not wanted to testify or meet to prepare for trial. Miller argues PCRA counsel should have impeached counsel's untruthful testimony using e-mail communications, phone records, and the testimony of Miller's sister, who allegedly would have said that she witnessed trial counsel advise Miller not to testify. Miller argues remand is necessary for the PCRA court to examine this evidence, which is not in the record.

Miller further argues that PCRA counsel was ineffective in her presentation of his claim that trial counsel had failed to present any character witnesses to testify to his reputation for chasteness. According to Miller, in her petition, PCRA counsel provided the names of eight potential character witnesses, and these individuals were available and willing to testify. Miller also argues trial counsel had no reasonable basis not to present these witnesses, as the Commonwealth could not have cross-examined the character witnesses regarding Miller's prior convictions, because the convictions were more than ten years old and the character traits at issue were unrelated. He argues trial counsel "incorrectly perceived that character evidence was not valuable unless [Miller] testified." *Id.* at 39. Miller alleges

he suffered prejudice because character evidence is sufficient to raise a reasonable doubt at trial. He argues that PCRA's counsel's failure to call the witnesses resulted in dismissal of his claim. Miller requests we remand for an evidentiary hearing related to the testimony of the potential character witnesses and counsels' failure to present them.

Finally, Miller argues that PCRA counsel was ineffective for failing to object to improper questioning at the PCRA hearing. Miller argues that a prosecutor may not question a witness regarding whether he believes another witness is lying. He asserts that at the PCRA hearing, the prosecutor asked him whether trial counsel would be lying if he testified that he had begged Miller to testify at trial. Miller claims PCRA counsel's failure to object to this statement undermined his credibility at the PCRA hearing. Miller argues the issue necessitates an evidentiary hearing regarding the reason for counsel's failure to object.

The Commonwealth has filed a brief but it does not respond to Miller's allegations of PCRA counsel's ineffectiveness.

"On appeal from the denial of PCRA relief, an appellate court's standard of review is whether the ruling of the PCRA court is free of legal error and supported by the record." **Commonwealth v. Jones**, 932 A.2d 179, 181 (Pa.Super. 2007).

A petitioner pursuing a claim of ineffective assistance of counsel must plead and prove that "the issue underlying the claim of ineffectiveness has arguable merit, that defense counsel's act or omission was not reasonably

designed to advance the interests of the defendant, and that the defendant was prejudiced – that is, but for counsel's errors, the outcome of the proceeding would have been different." ***Commonwealth v. Crumbley***, 270 A.3d 1171, 1181 (Pa.Super. 2022) (quoting ***Commonwealth v. Bradley***, 261 A.3d 381, 390 (Pa. 2021)), *appeal denied*, No. 110 WAL 2022 (Pa. 2022). "Where a petitioner alleges multiple layers of ineffectiveness, he is required to plead and prove, by a preponderance of the evidence, each of the three prongs of ineffectiveness relevant to each layer of representation." ***Commonwealth v. Parrish***, 273 A.3d 989, 1003 n.11 (Pa. 2022).

A PCRA petitioner must "raise claims of ineffective assistance of counsel at the first opportunity to do so, even when on appeal." ***Bradley***, 261 A.3d at 401.[7] If a petitioner presents an ineffectiveness claim for the first time on appeal and "relief is not plainly unavailable as a matter of law," we may "remand to the PCRA court for further development of the record and for the PCRA court to consider such claims as an initial matter." ***Id.*** at 402 (citation omitted). To be entitled to remand, the petitioner must establish that there are material facts at issue regarding counsel's effectiveness. ***Parrish***, 273 A.3d at 1006.

We find some of the allegations warrant remand. Miller's first three issues relate to two months of text messages mentioned in a police report that

---

[7] Claims of PCRA counsel's ineffectiveness "spring from the original petition" such that they do not constitute a serial petition or implicate timeliness concerns. ***Bradley***, 261 A.3d at 404.

were not produced to Miller, not introduced at trial, and that the victim testified she had deleted. Without further facts regarding the existence or contents of the text messages, or the averments of the police and prosecutor, there is no way to discern whether a *Brady* or discovery violation occurred or whether any prejudice resulted. Without an inquiry into counsel's reasoning, we are also unable to determine whether trial counsel lacked a reasonable basis for failing to pursue these claims, or for failing to expose the contradiction between the police report and the victim's testimony through cross-examination. We likewise are unable to determine whether PCRA counsel was ineffective for failing to pursue these claims of trial counsel ineffectiveness.

Similarly, we are unable to determine whether PCRA counsel was ineffective in presenting the claims of trial counsel ineffectiveness based on a lack of preparation, erroneous advice regarding whether Miller should testify, or a failure to present character evidence. Miller asserts that he has evidence to support each of these claims; but, obviously, as PCRA counsel did not present the alleged evidence, it is not yet a part of the record. Miller has made a colorable demonstration that PCRA and trial counsel lacked reasonable bases regarding these issues and that prejudice ensued; however, further factual inquiry is necessary.

Miller's final argument — that PCRA counsel was ineffective for failing to object when the prosecutor asked whether he believed trial counsel to be lying during his PCRA testimony — does not warrant relief. At the PCRA hearing,

the prosecutor asked Miller, "[S]o if counsel gets up here and says he begged you [to] testify, is he lying?" N.T., 7/7/21, at 22. Miller responded, "I would say he's absolutely incorrect, yes." *Id.* The prosecutor responded, "So he's lying . . . You know what, nothing else." *Id.*

Miller argues PCRA counsel should have objected, but the only authority he cites are decisions by federal courts of appeals. Those decisions obviously do not bind us. Miller has not cited any authority supporting this argument that does, and we are aware of none. We will not find counsel ineffective for failing to object to questioning that is not contrary to controlling law. *Commonwealth v. Dennis*, 950 A.2d 945, 978 (Pa. 2008) ("[W]e will not hold trial counsel ineffective for failing to anticipate a change in the law"). We see nothing objectionable in the prosecutor's comment, when viewed in context. We also find any prejudice caused by this question to be *de minimis*, considering the hearing was before a judge, not a jury. *See Commonwealth v. O'Brien*, 836 A.2d 966, 972 (Pa.Super. 2003). It is therefore not likely to have changed the outcome of the PCRA proceeding. Accordingly, we deny Miller's sixth claim as a matter of law.

We remand for the PCRA court to hold an evidentiary hearing for the development and consideration of Miller's first five claims. *See Parrish*, 273 A.3d at 1007 (remanding for development of petitioner's ineffective assistance of PCRA counsel claims that were raised for the first time on appeal).

Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/25/2023